Exhibit A

Filed: 3/31/2016 3:37:47 PM
Susan Jackson
District Clerk
Kendall County, Texas

CAUSE NO. 16-148

| | | |
|---|---|---|
| DAVID BROCK, RECEIVER | § | IN THE ~~COUNTY~~ DISTRICT COURT |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | 216TH JUDICIAL DISTRICT ~~AT LAW~~ |
| | § | |
| SANDRA ESPINET, INDIVIDUALLY AND D/B/A | § | |
| S.E. DESIGN SERVICES AND VILLAS CE, S. | § | |
| DE R.L. DE C.V. | § | |
|    DEFENDANTS. | § | KENDALL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES David Brock, Receiver, and files his Original Petition complaining of Sandra Espinet, individually and d/b/a S.E. Design Services, and Villas CE, S. de R.L. de C.V., and in support hereof respectfully shows the Court as follows:

### I. Discovery Control Plan

1. Discovery is appropriate under a Level 3 Discovery Control Plan in accordance with Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff requests entry of an appropriate Docket Control Order confirming deadlines and discovery limits.

### II. Parties

2. David Brock, Receiver ("Plaintiff" or "Receiver") is an individual appointed as Receiver in Cause Nos. 13-303-CCL and 13-303A-CCL, pending in the County Court at Law, Kendall County, Texas, pursuant to section 31.002 of the Texas Civil Practice and Remedies Code, for the purpose of collecting on Marjorie D. Anderson's Judgments against William Kent Anderson and others.

3. Defendant Sandra Espinet ("Espinet") is a California resident doing business as S.E.

**Exhibit A**

Design Services. Espinet has engaged in business in the State of Texas by contracting by mail with Anderson, who is a Texas resident and who performed in Texas. *See* Tex. Civ. Prac. & Rem. Code §17.042. Further, Espinet has purposefully availed herself to the privilege of conducting activities within Texas by seeking some benefit, advantage, or profit by availing herself to the jurisdiction of Texas, thus invoking the benefits and protections of its laws. Pursuant to section 17.044(b) of the Texas Civil Practice and Remedies Code, because Espinet is a nonresident who engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, Espinet may be served with process by serving the Texas Secretary of State.

4. Defendant Villas CE, S. de R.L. de C.V. ("Villas") is a Mexican company who markets to and does business with Texas residents. Villas has engaged in business in the State of Texas by contracting by mail with Anderson, who is a Texas resident and who performed in Texas. *See* Tex. Civ. Prac. & Rem. Code §17.042. Further, Villas has purposefully availed itself to the privilege of conducting activities within Texas by seeking some benefit, advantage, or profit by availing itself to the jurisdiction of Texas, thus invoking the benefits and protections of its laws. Pursuant to section 17.044(b) of the Texas Civil Practice and Remedies Code, because Villas is a nonresident who engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, Villas may be served with process by serving the Texas Secretary of State.

### III. Jurisdiction and Venue

5. This Court has jurisdiction because Plaintiff seeks damages and remedies within the jurisdictional limits of the Court. Plaintiff seeks monetary relief in excess of $1,000,000.00.

6. Venue is proper in Kendall County, Texas pursuant to Section 15.002(a)(4) of the Texas

Civil Practice and Remedies Code because Kendall County is the county where Plaintiff resided at the time the cause of action accrued and because Judge of the Kendall County Court at Law entered the order appointing Plaintiff as receiver for the purpose of collecting one or more judgments it rendered. Because venue is proper as to one party, it is proper as to all defendants because all claims asserted herein arose from the same transaction, occurrence, or series of transactions or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

## IV. Statement of Facts

7. On or about November 9, 2012, in cause number 11-446 pending in the 216th Judicial District Court, Kendall County, Texas, the Honorable Bill Palmer signed a Decree of Divorce, dissolving the marriage between William K. Anderson, Jr. ("Anderson") and Marjorie D. Anderson ("Marjorie") and memorializing a division of the property of Anderson and Marjorie agreed to in a Mediated Settlement Agreement entered into on or about February 21, 2012. As a result of the foregoing, Marjorie is a creditor of Anderson.

8. Shortly after his divorce from Marjorie, Anderson and Cynthia Jean Martin ("Martin"), as purchasers, entered into an agreement ("Agreement") with Villas, as seller, to purchase a luxury vacation "casita" ("Casita") in the Espiritu del Mar Development, San Jose del Cabo, B.C.S., Mexico. Both Anderson and Martin, as co-signers on the Agreement, became personally liable for the obligations of the Agreement. While both Anderson and Martin co-signed and were jointly liable under the Agreement, Anderson paid all amounts that were, in fact, paid pursuant to the Agreement (although he failed to fully pay the total contractual amount owed), receiving no reasonably equivalent value in return from Martin. In doing so, Anderson transferred a contractual benefit to Martin without receiving reasonably equivalent value in exchange. Moreover, Anderson transferred money to Villas without receiving a reasonably

**Exhibit A**

equivalent value in exchange.

9. At the time of the transfer, Anderson was insolvent, unable to pay his debts as they came due, and/or became insolvent as a result of the Casita transaction, as evidenced by Anderson's failure to pay all amounts owed under the Agreement. Before Anderson defaulted, however, he transferred no less than $1,306,000.00 to Villas without receiving reasonably equivalent value in exchange and rendering him insolvent.

10. Shortly after entering into the Agreement to purchase the Casita, Anderson and Martin also entered into an agreement with Espinet, doing business as S.E. Design Services, for the purchase of furniture for the Casita. As part of the furniture purchase agreement, Anderson incurred the obligation to pay no less than $650,000.00 for the purchase of furniture. Anderson, whose obligation was performable in Texas, transferred $230,000.00 to Espinet, and Espinet spent well in excess of this amount given the size of the overall budget. However, as payment became due for the rest of the purchases, Anderson failed to pay for the goods, thereby breaching his agreement with Espinet. Neither Anderson nor Martin ever received any furniture or any other reasonably equivalent value in exchange for the $230,000.00 paid by Anderson.

## V. Conditions Precedent

11. All conditions precedent to Plaintiff's recovery have occurred or have been waived, excused, or otherwise satisfied. All notices required have been provided or were waived, excused, or otherwise satisfied.

## VI. Causes of Action

### A. Breach of Contract and Relief under Section 2.718(b) as to Espinet

12. Plaintiff repeats and incorporates by reference the facts and allegations set forth in paragraphs 1 – 12.

13. Where a seller justifiably withholds delivery of goods because of the buyer's breach, the buyer is entitled to "restitution of any amount by which the sum of his payments exceeds… twenty percent of the value of the total performance for which the buyer is obligated under the contract or $500, whichever is smaller." Tex. Bus. & Com. Code §2.718(b)(2).

14. Anderson, as buyer, and Espinet, as seller, entered into an agreement for the sale of goods. Espinet performed but Anderson only partially performed by paying only $230,000.00 of the $650,000.00 set forth in the agreement. Espinet justifiably withheld delivery of the goods due to Anderson's breach.

15. Pursuant to Section 2.718(b)(2) of the Texas Business and Commerce Code, Plaintiff seeks restitution from Espinet of $229,500.00.

### B. Fraudulent Transfers – Espinet and Villas

16. Plaintiff repeats and incorporates by reference the facts and allegations set forth in paragraphs 1 – 16.

17. Plaintiff is the turnover receiver for Marjorie, a judgment creditor of Anderson since at least February 21, 2012. Anderson fraudulent transferred property to Espinet and Villas in and around early 2013, for which Plaintiff now seeks relief under Section 24.008 of the Texas Business & Commerce Code ("TBCC").

#### i. *Actual Intent to Defraud under TBCC Section 24.005(a)(1)*

18. Anderson, with the actual intent to hinder, delay, or defraud Marjorie, fraudulently

{00088395 9}

transferred (1) money to Villas, by paying Villas the sum of at least $1,300,000.00, and (2) money to Espinet, by paying Espinet the sum of at least $230,000.00. *See* Tex. Bus. & Comm. Code §24.005(a)(1). Anderson's intent to hinder, delay, or defraud his creditors is demonstrated by, *inter alia*: 1) the transfer being made to or for the benefit of an insider, i.e., his mistress; 2) his concealment of the transfer from Marjorie and her attorneys; 3) the timing of the divorce suit versus the timing of the transfer; 4) the intent to abscond to Mexico; 5) the insolvency of the debtor at the time or shortly after the transfer, reflected by his failure to complete the transactions and his failure to satisfy Marjorie's judgments; 6) the transfer occurring shortly after the substantial debt that was incurred due to the divorce; and 7) the overall measures Anderson took to destroy, sell, diminish, liquidate, and convert assets to his own personal benefit or for the benefit of others instead of preserving these assets for the benefit of Marjorie and her minor children. *See* Tex. Bus. & Comm. Code §24.005(b).

19. Plaintiff's claim against Anderson arose before or within a reasonable time of the transfers to Espinet and Villas. As such, the transfers from Anderson to Espinet and Villas are fraudulent as to Marjorie and Plaintiff, and Plaintiff is entitled to relief under Section 24.008 of the Texas Business and Commerce Code, including avoidance of the transfers or judgments against the transferees for all amounts transferred by Anderson to the transferees.

### ii. *Constructive Fraud under TBCC 24.005(a)(2)*

20. Further, Anderson fraudulently transferred (1) money to Villas, by paying Villas the sum of at least $1,300,000.00, and (2) money to Espinet, by paying Espinet the sum of at least $230,000.00, without receiving reasonably equivalent value at a time when he was engaged in a business transaction for which his remaining assets were unreasonably small or when he reasonably should have believed that he was incurring debts beyond his ability to pay. Tex. Bus.

& Comm. Code §24.005(a)(2). Anderson did not receive reasonably equivalent value in exchange for any of the aforementioned transfers because he never took ownership of the Casita (or any other property) from Villas and never took possession of any furniture from Espinet. Further, Anderson's ultimate default under the Casita Agreement and the furniture agreement show that he was engaged in a business transaction for which his remaining assets were unreasonably small and that he reasonably should have believed that the debts he was incurring in relation to the Casita and furniture were beyond his ability to pay as they came due. As such, the transfers made to Espinet and Villas are fraudulent as to Marjorie and Plaintiff, and Plaintiff is entitled to relief under Section 24.008 of the Texas Business and Commerce Code, including avoidance of the transfers or judgments against the transferees for all amounts transferred by Anderson to the transferees.

### iii. *Constructive Fraud under TBCC 24.006*

21. Moreover, Anderson fraudulently transferred (1) money to Villas, by paying Villas the sum of at least $1,300,000.00, and (2) money to Espinet, by paying Espinet the sum of at least $230,000.00, without receiving reasonably equivalent value in exchange and became insolvent as a result of the transfers. Tex. Bus. & Comm. Code §24.006. Anderson did not receive reasonably equivalent value in exchange for any of the aforementioned transfers because he never took ownership of the Casita (or any other property) from Villas and never took possession of any furniture from Espinet. Further, Anderson's ultimate default under the Casita Agreement and the furniture agreement show that he became insolvent as a result of the transfers. As such, the transfers made to Espinet and Villas are fraudulent as to Marjorie and Plaintiff, and Plaintiff is entitled to relief under section 24.008 of the Texas Business and Commerce Code including

avoidance of the transfers or judgments against the transferees for all amounts transferred by Anderson to the transferees.

## VII. Attorneys' Fees & Costs

22. Plaintiff repeats and incorporates by reference the facts and allegations set forth in paragraphs 1 – 22.

23. Pursuant to Section 24.013 of the Texas Business and Commerce Code, the Court may award costs and reasonable attorney's fees as are equitable and just in a fraudulent transfer action. Plaintiff requests that the Court award him reasonable and necessary attorney's fees incurred in pursuing his claims against Anderson's fraudulent transferees.

## VIII. Prayer

**WHEREFORE,** Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that the Court enter Judgment in favor of Plaintiff against Defendants, (1) awarding Plaintiff restitution from Espinet of at least $229,500.00, (2) avoiding the fraudulent transfers from Anderson to Espinet and Villas to the extent necessary to satisfy Plaintiff's claims, (3) awarding Plaintiff Judgment for damages against Espinet and Villas in the amount of the fraudulent transfers to each of them, (4) enjoining Espinet and Villas from further disposition of the value of the transfer, (5) imposing a constructive trust in Plaintiff's favor over all property transferred by Anderson to Espinet, and Villas,(6) allowing Plaintiff to levy execution on any property owned by any Defendant and authorize a Writ of Execution, (7) awarding Plaintiff Judgment against Defendants for all costs of court, reasonable attorneys' fees, and pre- and post-judgment interest at the highest rate authorized by law, (8) authorizing all writs necessary to effectuate the Court's Judgment; and that the Court grant Plaintiff such other and further relief to which he may be justly entitled.

{00088395 9}

# Exhibit A

Respectfully submitted,

**PULMAN, CAPPUCCIO,
PULLEN, BENSON & JONES, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Telecopier

By: /s/ *Randall A. Pulman*
    Randall A. Pulman
    rpulman@pulmanlaw.com
    Texas State Bar No. 16393250
    Ryan C. Reed
    rreed@pulmanlaw.com
    Texas State Bar No. 24065957

**ATTORNEYS FOR DAVID BROCK, RECEIVER**