UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID BROCK, Receiver, § § *Plaintiff*, § § v. § § SANDRA ESPINET, Individually and d/b/a § S.E. DESIGN SERVICES, and VILLAS CE, § S. DE R.L. DE C.V., § § *Defendants.* § | Civil Action No. SA-16-CV-685-XR |

### ORDER

On this date, the Court considered Sandra Espinet's and Villas CE's Motions to Dismiss (Docket nos. 5, 6) and the corresponding responses and replies. After careful consideration, the Court GRANTS both motions.

### BACKGROUND

This case arises out of a divorce proceeding between Marjorie and William Anderson. The Andersons' divorced in 2012, giving rise to a settlement agreement that made William a creditor of Marjorie. Docket no. 1-1 at 3. Plaintiff David Brock was appointed receiver of William's estate for the benefit of Marjorie, and brings suit in this capacity. *Id*. at 1.

After the Andersons' divorce, William Anderson, along with Cynthia Jean Martin, entered into the two contracts that are the basis of this lawsuit. *Id*. at 3–4. The first contract was with Defendant Villas CE, a Mexican company, for the purchase of a luxury vacation home ("casita") in Mexico. *Id*. at 3. Plaintiff alleges that after William Anderson and Martin entered into this contract as co-signers, William Anderson paid Villas CE $1,306,000.00. *Id*. at 3–4. Plaintiff alleges that at the time of this transfer or because of this transfer, William Anderson

1

became insolvent. *Id*. Moreover, Plaintiff alleges that William Anderson received nothing in return for the transfer. *Id*.

The second contract in this case was with Defendant Sandra Espinet, a Mexican resident who was doing business through her design company from California at the time. *Id*. at 2–4. Plaintiff alleges that William Anderson and Martin entered into this contract with Espinet for the purchase of $650,000.00 in custom furniture for the casita. *Id*. at 4. Plaintiff alleges that William Anderson transferred $230,000.00 to Espinet, that at the time of this transfer or because of this transfer he became insolvent, and that he received nothing in return for the transfer. *Id*. at 4.

Plaintiff asserts causes of action against both Defendants for fraudulent transfer. *Id*. at 5. He also asserts a claim for breach of contract against Espinet. *Id*.

The jurisdictional allegations in the complaint are more or less the same with respect to both Defendants—that each "engaged in business in the State of Texas by contracting by mail with William Anderson, who is a Texas resident and who performed in Texas" and that each "purposefully availed itself to the privilege of conducting activities within Texas by seeking some benefit, advantage, or profit by availing itself to the jurisdiction of Texas, thus invoking the benefits and protections of its laws." Docket no. 1-1 at 1–2. The Complaint adds that neither Defendant is a Texas resident and that neither maintains a regular place of business or designated agent for service of process in Texas. *Id*.

Both Defendants filed motions to dismiss. Docket nos. 5, 6. Defendant Villas CE argued lack of personal jurisdiction, improper venue, and a forum selection clause as independent grounds for dismissal. *See* Docket no. 5. Defendant Espinet made essentially the same personal jurisdiction and venue arguments, but did not include an argument based on a forum selection clause. *See* Docket no. 6. Plaintiff responded to both motions with a near identical response,

indicating that he seeks jurisdictional discovery on the issue of personal jurisdiction. Docket nos. 8, 9. For the following reasons, the Court finds it does not have personal jurisdiction over either Defendant, and Plaintiff is not entitled to jurisdictional discovery.[1] Therefore, Defendants' motions to dismiss are granted.

## DISCUSSION

### I. Existence of Personal Jurisdiction

To establish personal jurisdiction in a diversity case over an out-of-state defendant, the plaintiff must present prima facie evidence that "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The Court must accept the uncontroverted allegations in the Complaint, affidavits, or other documentation as true. *Id*. (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir.2002)). "Because Texas's long-arm statute reaches to the constitutional limits," it is only necessary to assess whether the Court's exercise of personal jurisdiction offends due process. *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984)). Due process is satisfied when (1) the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (citing *Revell*, 317 F.3d at 470).

A defendant's contacts can satisfy the minimum contacts standard by giving rise to either general or specific jurisdiction. *Revell*, 317 F.3d at 470. The Supreme Court has recently held

---

[1] Because the Court finds that personal jurisdiction alone is a sufficient basis for dismissing Plaintiff's claims, this Order does not address the parties' arguments on the venue and forum selection clause issues.

3

that the exercise of general personal jurisdiction over an out-of-state corporate defendant is justified only if the defendant's contacts are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

Plaintiff did not respond to Defendants' motions to dismiss on the issue of general jurisdiction, and his complaint does not justify the exercise of general jurisdiction. Taking Plaintiff's allegations as true, they do not support general jurisdiction because they do not support the idea that Defendants, residents of other states and countries, are "essentially at home" in Texas—a state in which the only alleged contact is a contract with a Texas resident to be performed outside of Texas. Accordingly, there is no general jurisdiction over either Defendant.

Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted); *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992). The Fifth Circuit has a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state. *Burger King*, 471 U.S. at 474.

In *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986), the Fifth Circuit held that there was no specific personal jurisdiction in Texas over an Oklahoma investor based on a contract with a Texas corporation where the investor sent a finalized agreement and three checks to Texas, the parties communicated primarily by phone and in writing, and Oklahoma law governed the contract. The court said the Oklahoma investor's relationship with Texas was based on "a mere fortuity that [the Texas corporation] happens to be a resident of the forum." *Id*. This Court has followed *Holt* on similar facts. *See, e.g., Brother of the Leaf, LLC v. Plastic Prod. Co.*, No. SA-14-CV-479-XR, 2014 WL 3824209, at *3 (W.D. Tex. Aug. 1, 2014) ("[As in *Holt*,] the communications in this case pertain to the formation and performance of the alleged contract and therefore are insufficient minimum contacts . . . As a result, the court lacks specific personal jurisdiction over [a non-resident defendant] with respect to [the plaintiff's] breach of contract claim.").

*Holt* presents a strong analogy, and Plaintiff accordingly fails to make a prima facie showing of specific jurisdiction.[2] The only alleged contact of each Defendant is the simple entering into and finalization of a contract with a Texas resident. The complaint indicates that the contract with Villas CE was for the purchase of a home *in Mexico*, and the contract with Espinet was for the purchase and delivery of furniture *to Mexico*—neither contract touched Texas beyond the fact that purchase money would be coming from a Texas resident. There are no allegations that either Defendant sent representatives to Texas, traveled to Texas, or envisioned an ongoing contractual relationship with William Anderson or other Texas residents beyond

---

[2] As was the case with Defendants' arguments on general jurisdiction, Plaintiff does not respond to Defendants' specific jurisdiction analyses.

these isolated and fortuitous transactions.[3] As was the case in *Holt* and the decisions following it, this level of contacts has generally been found insufficient to support personal jurisdiction.

Accordingly the Court finds that Plaintiff has not made the required prima facie showing of personal jurisdiction as to either Defendant.

## II. Request for Jurisdictional Discovery

Aside from the existence of personal jurisdiction based on the facts presently alleged, Plaintiff seeks jurisdictional discovery to uncover facts supporting personal jurisdiction. His arguments to support jurisdictional discovery are essentially the same for both Defendants. Docket nos. 8, 9 at 6–7. Plaintiff argues that because he was not a party to the transactions between William Anderson and the Defendants, he lacks much of the information about the transactions that might support personal jurisdiction. He adds that numerous things are "probable" and speculates as to how the existence of such facts could support personal jurisdiction. In particular, he argues that the Defendants probably marketed to William Anderson in Texas, and conferred with and accepted payment from him while he was in Texas. Additionally, Plaintiff states that "if Anderson purchased from [either Defendant], there may be other Texas residents to whom [that Defendant] marketed, with whom [that Defendant] contracted, and with whom [that Defendant] has engaged in business in Texas." Docket nos. 8, 9 at 7.

In response to this request for jurisdictional discovery, the Defendants argue that Plaintiff is seeking to "conduct a jurisdictional fishing expedition." Docket nos. 10, 11 at 4 (both quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). They argue that they presented evidence to rebut Plaintiff's allegations of personal jurisdiction and the potential

---

[3] In addition, Villas CE submitted a copy of the contract, indicating that it is governed by Mexican law. Docket no. 5-1 at 13.

or probable grounds for personal jurisdiction which Plaintiff argues might justify jurisdictional discovery. They point to cases from other district court cases in the Fifth Circuit denying requests for jurisdictional discovery where a defendant presents evidence controverting the plaintiff's end goal of that discovery (i.e. facts supporting the existence of jurisdiction). In addition, Defendants argue that all of Plaintiff's alleged possible facts, even if they prove to be true, would not support the exercise of personal jurisdiction.

Whether to allow jurisdictional discovery is within the district court's discretion. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). To obtain jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction." *Id*. A preliminary showing necessarily requires less than a prima facie showing, which itself establishes jurisdiction, because if the plaintiff made a prima facie showing, jurisdictional discovery would be unnecessary. *Brother of the Leaf, LLC v. Plastic Prod. Co.*, No. 5:14-CV-479-XR, 2014 WL 3824209, at *5 n.6 (W.D. Tex. Aug. 1, 2014).

Jurisdictional discovery may be denied where a plaintiff "fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction." *Best Little Promohouse in Texas LLC v. Yankee Pennysaver, Inc.*, No. 3:14-CV-1824-BN, 2014 WL 5431630, at *4 (N.D. Tex. Oct. 27, 2014); *see also Kelly*, 213 F.3d at 855 (denying jurisdictional discovery where plaintiffs failed to "describe the discovery they contend should have been allowed, what facts they hoped to obtain from such discovery, or how it would produce information that would support specific jurisdiction."). "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact." *Kelly*, 213 F.3d at 855 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). As such, jurisdictional discovery should be denied "where the discovery sought 'could not have

7

added any significant facts.'" *Wyatt*, 686 F.2d at 284 (quoting *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 447 (5th Cir. 1979)).

Plaintiff's request for jurisdictional discovery should be denied because the Court would still lack personal jurisdiction over the Defendants even if the specifically alleged possibilities exist. In other words, the jurisdictional discovery sought cannot adduce any significant facts. *See Wyatt*, 686 F.2d at 284. The specifically alleged potential facts[4] that Plaintiff hopes to uncover from jurisdictional discovery are that both Defendants conferred with William Anderson about the contract and accepted payment from him while he was living in Texas. Assuming Plaintiff uncovered these facts, they would do little to change the Court's analysis of a prima facie showing of personal jurisdiction. Such contacts would still fall short of those in *Holt*, 801 F.2d at 778, and its line of cases, which hold that entering into, forming, and finalizing a contract to be performed out of state generally does not support personal jurisdiction where these contacts occur from out of state. *See, e.g., G & H Partners, Ltd. v. Boer Goats Int'l Ltd.*, 896 F. Supp. 660, 665 (W.D. Tex. 1995), a*ff'd sub nom. G & H Partners v. Boer Goats*, 84 F.3d 432 (5th Cir. 1996) ("On several occasions, the Fifth Circuit has observed that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." (citing *Holt*)).

To the extent that Defendants may have marketed to William Anderson in Texas, Plaintiff's briefing does not satisfy the jurisdictional discovery standard. Plaintiff argues merely that "it is also probable that [both Defendants] marketed to Anderson in Texas." Docket nos. 8, 9 at 7. Plaintiff fails to specify the form of this marketing, its frequency, Anderson's reaction to it, whether it induced Anderson to enter into the contracts, or any other "facts [Plaintiff] hope[s] to

---

[4] In this analysis, the Court does not include the argument that Defendants may have marketed to Anderson in Texas because, as will be discussed, Plaintiff's allegation on this point is too vague to support jurisdictional discovery.

obtain from such discovery." *See Kelly*, 213 F.3d at 855. As a result, this contention is too vague to support jurisdictional discovery.

Finally, Plaintiff's argument that both Defendants may have marketed to or contracted with other Texas residents is without merit. Discovery of such facts would go to a showing of *general* personal jurisdiction because Plaintiff's cause of action would not arise out of Defendant's relationship with other Texas residents. Again, even if Plaintiff were allowed this discovery, and even if he found that Defendants marketed to or contracted with Texans on other occasions, the Court would not have general jurisdiction on the basis of these contacts because they do not make Defendants would not be "essentially at home" in Texas.

For these reasons, Plaintiff is not entitled to jurisdictional discovery and Defendants' motions to dismiss are granted.

## CONCLUSION

Defendant Villas C.E.'s Motion to Dismiss (Docket no. 5) is GRANTED. Likewise, Defendant Sandra Espinet's Motion to Dismiss (Docket no. 6) is GRANTED. Plaintiff David Brock's claims are hereby DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 15th day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE